1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                              CENTRAL DISTRICT OF CALIFORNIA

10
                                                    Case No. 2:25-cv-04268-HDV (MBKx)
11   STEPHAN MILLER, an Individual, dba
     STICK IT TOUR,
12
                   Plaintiff,                       **ORDER GRANTING IN PART AND
13                                                  DENYING IN PART DEFENDANTS'
                                                    MOTION TO DISMISS PLAINTIFF'S
14   v.                                             COMPLAINT [DKT. NO. 20]**

15
     LUCAS VEGA; CITY OF SANTA
16   MONICA; COUNTY OF LOS ANGELES;
     DOES 1 to 10,
17
                   Defendants.
18
19
20
21
22
23
24
25
26
27
28

1    **I.    INTRODUCTION**

2         This action arises out of the 2025 arrest of a bicyclist in Santa Monica.  Plaintiff Stephan

3    Miller asserts twelve claims against Defendants Lucas Vega, the City of Santa Monica, and the

4    County of Los Angeles ("Defendants") alleging that his arrest was unlawful, racially motivated, and

5    involved the excessive use of force.

6         Before the Court is Defendants Lucas Vega and City of Santa Monica's Motion to Dismiss

7    the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  The Motion is denied, in part,

8    and granted, in part.  The Court finds that Plaintiff has sufficiently pled the elements of his claims

9    under Section 1983, false arrest, battery, negligence, IIED, and NIED (the first, fourth, seventh,

10   eighth, tenth, and eleventh causes of action).  But, as to the remaining claims, the First Amended

11   Complaint ("FAC") is deficient.  For the reasons discussed below, the Court concludes that at least

12   *some* additional facts must be pled to maintain these claims.  The second, third, fifth, sixth, ninth,

13   and twelfth causes of action are therefore dismissed, with leave to amend.

14   **II.    BACKGROUND**

15        On January 14, 2025, Plaintiff was riding his "transportation rod"[2] bicycle in Santa Monica,

16   California.  FAC ¶ 9.  He was entering a car port to park his bicycle when two Santa Monica police

17   officers—Defendant Vega and an unknown officer Doe—approached Plaintiff.  *Id*.  Plaintiff

18   declined to speak with them, which allegedly caused Defendants to become "more aggressive" and

19   block Plaintiff's path with their vehicle.  *Id*. ¶ 10.

20        According to the FAC, "without warning or explanation," Defendants "forcibly seized,

21   grabbed, shoved, pushed, pulled and twisted [Plaintiff's] body, arms and hands," verbally assaulted

22   him, and handcuffed him, which caused "severe pain and injury on [Plaintiff's] wrists."  *Id.* ¶¶ 11,

23   15.  At no point did Plaintiff "attempt to flee or physically resist."  *Id.* ¶ 17.  During the arrest,

24

25   _____

26   [1] Plaintiff, who is proceeding in pro per, did not file an opposition to the Motion, nor did he appear
     at the hearing on July 17, 2025, despite Defendants filing proof of service to Plaintiff's email
27   address.  The Court nonetheless analyzes the Motion on the merits.

28   [2] "Transportation rod" as used in the FAC appears to refer to a bicycle.

1  Defendants, who are white, purportedly referred to Plaintiff as "Black," even though he is of

2  indigenous origin.  *Id.* ¶ 19.

3        After handcuffing him, Defendants searched Plaintiff's body without his consent.  *Id*. ¶ 11.

4  Plaintiff was subsequently detained for nine hours and "booked" on charges of "interfering with an

5  investigation and riding on the sidewalk with a bicycle," but no formal criminal charges were

6  brought.  *Id*. ¶¶ 12–13.

7        Plaintiff contends that he was arrested because of his "race, color, religion, ancestry, or

8  national origin."  *Id.* ¶ 19.  He also alleges that Defendants conspired and agreed to deny Plaintiff of

9  his "protected constitutional rights and privileges."  *Id*. ¶ 20–21.

10  **III.    LEGAL STANDARD**

11        Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim

12  upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain

13  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

14  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

15  (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

16  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

17  Only where a plaintiff fails to "nudge[] [his] claims . . . across the line from conceivable to

18  plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While the plausibility requirement is

19  not a probability assessment, it demands more than "a sheer possibility that a defendant has acted

20  unlawfully."  *Id.* at 678.  The determination of whether a complaint satisfies the plausibility standard

21  is a "context-specific task that requires the reviewing court to draw on its judicial experience and

22  common sense."  *Id*. at 679.

23        Where the Court finds that a complaint fails to state a claim, it has discretion to dismiss with

24  or without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).

25  Fed. R. Civ. P. 15(a) provides that leave to amend should be granted "freely."  *See Foman v. Davis*,

26  371 U.S. 178, 182 (1962); *see also Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995) (per

27  curiam) (stating that pro se litigants are entitled to an opportunity to amend, unless it is "absolutely

28  clear" that no amendment can cure the defects); *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048,

1   1051 (9th Cir. 2003) (dismissal without leave is improper unless it is clear that the complaint could
2   not be saved by any amendment).

3   **IV.   DISCUSSION**

4       **A. Federal Law Claims**

5           **1.   First cause of action:  42 U.S.C. §§ 1981 and 1983[3]**

6           Plaintiff's first cause of action asserts violations of 42 U.S.C. §§ 1981 and 1983 for the stop
7   and arrest, which Plaintiff alleges was an unlawful search and seizure conducted for racially
8   discriminatory purposes.  FAC ¶¶ 46–48.  Defendants argue that this claim should be dismissed
9   because the FAC makes conclusory statements and lacks specificity.  Motion at 2.

10          "To prevail under 42 U.S.C. § 1983, a plaintiff must prove that he was 'deprived of a right
11  secured by the Constitution or laws of the United States, and that the alleged deprivation was
12  committed under color of state law.'"  *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir.
13  2012) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).  Under the Fourth
14  Amendment, people are guaranteed the right "to be secure . . . against unreasonable searches and
15  seizures."  U.S. Const. amend. IV.  A warrantless arrest by a law enforcement officer "is reasonable
16  under the Fourth Amendment where there is probable cause to believe that a criminal offense has
17  been or is being committed."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

18          The FAC pleads the necessary elements to state a claim under Section 1983.  Plaintiff
19  identifies when the conduct happened (January 14, 2025), who was involved (Defendant Vega and
20  Defendant Doe), what occurred (the allegation that he was stopped while riding his bicycle without
21  reasonable suspicion and arrested without probable cause), how the incident was performed (in their
22  official capacities as officer of the Santa Monica Police Department), what right was implicated (an
23  unreasonable search and seizure under the Fourth Amendment), and further alleges why he believes
24  this all occurred (because he is not white).  Courts must accept the allegations in the complaint as
25  true and make all reasonable inferences in the light most favorable to the plaintiff.  *Marceau v.*
26  *Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008).  Applying that standard—and the language

27

28  _____
    [3] The Court uses the descriptions of each cause of action as pled by Plaintiff in his FAC.

1    of Rule 8(a) requiring a "short and plain statement of the claim"—nothing more is required here.[4]

2        **2.    Second cause of action:  conspiracy to interfere with civil rights (42 U.S.C. §**

3        **1985(3)); ninth cause of action: conspiracy[5]**

4        Defendant Vega seeks dismissal of Plaintiff's second and ninth causes of action for

5    conspiracy.  Section 1985(3)'s "equal protection clause" makes it unlawful for

6        two or more persons in any State or Territory [to] conspire or go in disguise on the highway

7        or on the premises of another, for the purpose of depriving, either directly or indirectly, any

8        person or class of persons of the equal protection of the laws, or of equal privileges and

9        immunities under the laws; or for the purpose of preventing or hindering the constituted

10       authorities of any State or Territory from giving or securing to all persons within such State

11       or Territory the equal protection of the laws.

12   42 U.S.C. 1985(3).  To bring a claim under this clause, a plaintiff must allege:  (1) a conspiracy; (2)

13   for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

14   protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance

15   of this conspiracy; (4) whereby a person is either injured in their person or property or deprived of

16   any right or privilege of a citizen of the United States.  *Sever v. Alaska Pulp Corp*., 978 F.2d 1529,

17   1536 (9th Cir. 1992) (quoting *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825,

18   828–29 (1983)).

19   _____

20   [4] Plaintiff also alleges "deprivation of civil rights" under 42 U.S.C. § 1981 in his first cause of
     action.  That statute provides that "all persons . . . shall have the same right . . . to make and enforce

21   contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and
     proceedings for the security of persons and property as is enjoyed by white citizens, and shall be

22   subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no
     other."  42 U.S.C. § 1981(a).  Plaintiff's race must be a "but for" cause of his loss of a legally

23   protected right.  *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).
     Plaintiff states that the officers who arrested him were white, that they referred to him as black, that

24   Plaintiff is indigenous, and that he believes he was unlawfully arrested "because of [his] race, color,

25   religion, ancestry or national origin."  FAC ¶ 19.  For the same reasons as the Section 1983 theory of
     liability, Plaintiff has sufficiently pled the claim under Section 1981.

26

27   [5] Plaintiff asserts causes of action for conspiracy to interfere with civil rights under Section 1985(3)
     and conspiracy (presumably in connection with his Section 1983 claim).  The Court addresses them

28   together.

1    Similarly, to assert a cause of action for conspiracy under Section 1983, a plaintiff must

2    allege: "(1) the existence of an express or implied agreement among the defendant officers to

3    deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from

4    that agreement." *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991). In order to satisfy this

5    first element, "a plaintiff must demonstrate the existence of an agreement or meeting of the minds to

6    violate constitutional rights." *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

7    For both Sections 1985(3) and 1983 conspiracy claims, "the plaintiff must state ***specific facts***

8    to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821

9    (9th Cir. 1989) (emphasis added). "A conspiracy can be inferred from conduct and need not be

10   proven by evidence of an express agreement." *Ward v. Equal Emp. Opportunity Comm'n*, 719 F.2d

11   311, 314 (9th Cir. 1983). However, "[a] mere allegation of conspiracy without factual specificity is

12   insufficient." *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1988).

13   Here, Plaintiff fails to state a claim for conspiracy under either Section 1985(3) or Section

14   1983. While Plaintiff alleges generally that there was an agreement among the officers to deprive

15   him of his constitutional rights, *see* FAC ¶¶ 21–22, Plaintiff alleges nothing else as to the "specific

16   facts" supporting that purported agreement, including, for example, the scope of the conspiracy or

17   when the agreement was formed and to what end. Courts require more to plead a conspiracy. *See,*

18   *e.g.*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy

19   allegations in the original complaint do not define the scope of any conspiracy involving Thomas,

20   what role he had, or when or how the conspiracy operated."); *Cuviello v. City & Cnty. of San*

21   *Francisco*, 940 F. Supp. 2d 1071, 1098 (N.D. Cal. 2013) ("Plaintiffs do not allege any specific facts

22   showing a unity of purpose among co-conspirators, the scope of the conspiracy, what role each

23   Defendant had in the conspiracy, or how the conspiracy operated.").

24   **3.   Third cause of action: 42 U.S.C. § 1986**

25   Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1986 for their failure to prevent

26   the alleged Section 1985(3) violation. FAC ¶ 53. But a cause of action under Section 1986 cannot

27   be brought absent a valid claim for relief under Section 1985. *See Trerice v. Pedersen*, 769 F.2d

28   1398, 1403 (9th Cir. 1985). Since Plaintiff fails to state a claim for conspiracy under Section

1     1985(3), his Section 1986 claim likewise must be dismissed.

2           **B.  State Law Claims**

3           The California Tort Claims Act provides that a "public employee is liable for injury caused

4     by his act or omission to the same extent as a private person" absent immunity provided by statute.

5     Cal. Gov. Code § 820(a).  Further, a "public entity is liable for injury proximately caused by an act

6     or omission of an employee . . . within the scope of his employment if the act or omission would,

7     apart from this section, have given rise to a cause of action against that employee . . ." unless that

8     "employee is immune from liability."  Cal. Gov. Code § 812.2(a), (b).  In other words, a government

9     entity and its employee can both be held liable for the employee's acts or omissions done within the

10    scope of his employment absent immunity.  *Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 715

11    (2001).  Plaintiff asserts eight causes of action against Defendants under California state law.

12              **1.  Fourth cause of action: Cal. Gov. Code § 820.4**

13          To establish a claim for false arrest,[6] Plaintiff must prove that (1) he was arrested without a

14    warrant, (2) he was actually harmed, and (3) Defendant's conduct was a substantial factor in causing

15    that harm.  *Cervantes v. J.C. Penny Co.*, 24 Cal. 3d 579, 592 (1979).  Under California law, "[a]

16    public employee is not liable for his act or omission, exercising due care, in the execution or

17    enforcement of any law.  Nothing in this section exonerates a public employee from liability for

18    false arrest or imprisonment."  Cal. Gov. Code § 820.4.

19          As discussed above regarding Plaintiff's Section 1983 claim, he has sufficiently pled each of

20    the elements of false arrest, which is based on the same set of facts.  While Defendant may indeed

21    raise an affirmative defense that the arrest was justified (and attempted to do so at the hearing), that

22    is not relevant when assessing Plaintiff's claim at the pleading stage.

23             **2.  Fifth cause of action: Cal. Civ. Code §§ 51, 51.5, 51.7, and 52**

24          California Civil Code Section 51, otherwise known as the Unruh Civil Rights Act, prohibits

25    ***business establishments*** from discrimination based on "sex, race, color, religion, ancestry, national

26

27    ---
      [6] "False arrest and false imprisonment are the same tort.  False arrest is a way of committing false
      imprisonment."  *Cox v. Griffin*, 34 Cal. App. 5th 440, 446 fn. 6 (2019).

28

1  origin, disability," and other categories.  Cal. Civ. Code § 51(b).  Plaintiff asserts this claim only

2  against Defendant Vega individually and fails to allege that he experienced any discrimination

3  relating to a business establishment.  The Unruh Civil Rights Act claim fails.[7]

4          California Civil Code Section 51.7, otherwise known as the Ralph Civil Rights Act of 1976,

5  prohibits violence against individuals on account of sex, race, color, and other categories.  Cal. Civ.

6  Code § 51.7(b)(1).  An allegation of a racially-motivated unlawful arrest accompanied by excessive

7  force is sufficient to plead a Ralph Act claim.  *See Jasso v. Cnty. of Los Angeles*, No. CV-14-09110-

8  MWF-VBKx, 2015 WL 13916307, *5–6; *see also Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th

9  968, 978 (2013).  For the same reasons discussed above regarding Plaintiff's Section 1981 claim, the

10  Court concludes that Plaintiff has sufficiently pled a claim under Cal. Civ. Code § 51.7.

11                    **3.  Sixth cause of action: Cal. Gov. Code § 815.6**

12          Plaintiff brings his sixth cause of action against Does 1–10 only.  Under California

13  Government Code Section 815.6, a public entity may be liable for an injury caused by its failure to

14  discharge a mandatory duty.  Cal. Gov. Code § 815.6.  To impose such liability, (1) an enactment

15  must impose a mandatory duty, (2) the enactment must intend to protect against the kind of risk of

16  injury suffered by the plaintiff asserting the statute as a basis for liability, and (3) breach of the

17  mandatory duty must be a proximate cause of the injury suffered.  *California v. Superior Court*

18  *(Perry)*, 150 Cal. App. 3d 848, 854 (1984).  Plaintiff has not identified any statute or regulation that

19  imposes the mandatory duty upon which this claim is based.  The claim is dismissed.

20                    **4.  Seventh cause of Action:  Cal. Gov. Code § 815.2**

21          Plaintiff' seventh cause of action is predicated on a negligence theory under Cal. Gov. Code

22  Section 815.2.  To prove negligence, a plaintiff must show that the defendant "had a duty to use due

23  care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting

24  injury."  *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Hayes v.*

25  *Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013).

26  _____

27  [7] California Civil Code Section 51.5, which Plaintiff also cites as the basis for his fifth cause of action, similarly prohibits business establishments from discrimination.  Cal. Civ. Code § 51.5(a).

28  For the same reasons, Plaintiff fails to plead a cause of action under this statute.

The FAC alleges that Defendant Vega (and the unknown officer) had a duty to "avoid 'unreasonable risk' of danger to others" and "to restrain the other defendants and prevent them from violating the law and the rights of plaintiff." FAC ¶¶ 34–36. Plaintiff also maintains that the individual Defendants breached that duty of care by causing Plaintiff's injuries through their intentional or negligent conduct relating to the arrest. *Id.* The allegations in the FAC are sufficient to state a claim on this theory.

### 5. Eighth cause of action: assault and battery

To establish a battery claim by a law enforcement officer, Plaintiff must prove that Defendant used unreasonable force that was a substantial factor in causing his harm. *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). As discussed above, Plaintiff has sufficiently pled that Defendants Vega and Doe used unreasonable force that caused him harm.

### 6. Tenth and eleventh causes of action: IIED and NIED

Plaintiff's tenth and eleventh causes of action assert claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). To prove this first claim, Plaintiff must allege: (1) Defendant's conduct was outrageous; (2) Defendant intended to cause Plaintiff emotional distress, or acted with reckless disregard that Plaintiff would suffer emotional distress; (3) Plaintiff suffered severe emotional distress; and (4) Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009).[8] Although Plaintiff's allegations are fairly conclusory, the FAC does allege all the essential elements of the two claims. Making all reasonable inferences in Plaintiff's favor, as the Court must for purposes of this Rule 12 motion, the allegations are plausible and sufficient.

### 7. Twelfth cause of action: invasion of privacy

Plaintiff's twelfth cause of action for invasion of privacy claim appears to be based on the novel theory that Defendant's writing of his name on a "bill of attainder" violated his privacy

---

[8] While not an independent tort, to prove a claim for NIED, a plaintiff must show (1) that the defendant was negligent, (2) that plaintiff suffered serious emotional distress, and (3) that defendant's negligence was a substantial factor in causing plaintiff's serious emotional distress. *See Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 928 (1980).

interests.  FAC ¶ 35.  For a cause of action for invasion of privacy in violation of the California Constitution, Plaintiff must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest.  *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35–37 (1994).  None of those elements is properly alleged here.  Plaintiff merely asserts that Defendants "wrote [Plaintiff's] name on a bill of attainder" and brought "plaintiff's name into a public venue without [w]arrant, probable cause, or consent."  FAC ¶ 35.  It is unclear what a "bill of attainder" means in this context or what legally protected privacy interest is at issue.  Further, Plaintiff does not allege why he would have a reasonable expectation of privacy in this context.  The claim is dismissed.

**V.      CONCLUSION**

        For the foregoing reasons, Defendants' Motion is granted, in part, and denied in part.  The second, third, fifth, sixth, ninth, and twelfth causes of action in the FAC are dismissed with leave to amend.  Plaintiff shall file a second amended complaint **no later than August 25, 2025**.


Dated:    August 4, 2025

_____
                Hernán D. Vera
                United States District Judge